**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Jessica M. Brown,<br><br>　　　　　　Plaintiff(s),<br><br>vs.<br><br>Goodwill Stores,<br><br>　　　　　　Defendant(s). | 2:24-cv-00138-GMN-MDC<br><br>**Order**<br><br>APPLICATION TO PROCEED IN FORMA PAUPERIS (EFC NO. 1) AND COMPLAINT (ECF NO. 1-1) |

Plaintiff, Jessica M. Brown, filed an application to proceed in forma pauperis (IFP) and a complaint. ECF Nos. 1 and 1-1. The Court GRANTS plaintiff's IFP application and DISMISSES her complaint without prejudice.

## DISCUSSION

Plaintiff's filings present two questions: (1) whether plaintiff may proceed in forma pauperis under 28 U.S.C. § 1915(e) and (2) whether plaintiff's complaint states a plausible claim for relief.

**I.     Whether Plaintiff May Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." If the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), as amended by the Prison Litigation Reform Act ("PLRA"), he remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. See 28 U.S.C. § 1915(b)(1) & (2); *Castaneda v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002). Ms. Brown is incarcerated at Florence McClure Women's Correctional Center, and her financial certificate reflects that she has no money in her account. ECF No. 1. The Court grants plaintiff's IFP application.

Considering her $0.00 average balance and deposits, Ms. Brown is not required to pay an initial partial filing fee. Whenever her account exceeds $10, however, she must make monthly payments in the amount of 20 percent of the preceding month's income credited to her account until the $350 filing fee is paid.

## II. Complaint

Ms. Brown brings this civil complaint under 42 U.S.C. § 1983. ECF No. 1-1. Ms. Brown lists as defendant Goodwill Stores, specifically an unnamed employee(s)[1] at Goodwill Stores. *Id.* at 2. Ms. Brown asserts a single claim of cruel and unusual punishment under the Eighth Amendment. *Id.* at 3. Specifically, Ms. Brown seems to assert an issue regarding access to the court. *Id.* Ms. Brown seeks "for the court to acknowledge this on record so [she] can fix [her] case as well as for [her] work and school also [she'd] like monetary relief from victims and the stores." The Court liberally construes Ms. Brown to seek injunctive relief in the form of dropping the charges against her and monetary relief from the defendants.

### a. Legal Standard

Upon granting a request to proceed in forma pauperis, the Court must screen the complaint pursuant to 28 U.S.C. § 1915(e). The Court will review the complaint to determine whether the complaint is frivolous, malicious, fails to state a claim in which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Federal Rules of Civil Procedure Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirement, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009). (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Dismissal for failure to state a claim under § 1915 incorporates the same standard for failure to

---

[1] It is unclear from plaintiff's handwriting whether she meant to write "employee" or "employees."

state a claim under Federal Rule of Civil Procedure Rule 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckley v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"A document filed pro se is "to be liberally construed" and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal citations omitted). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, **unless** it is clear from the face of the complaint that deficiencies could not be cured through amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (emphasis added). At issue is whether plaintiff's complaint states a plausible claim for relief

### b. Factual Allegations

Ms. Brown asserts that between 2022 and 2024, her rights were violated. Ms. Brown alleges that she has a "domestic relationship with the lead employee from the Goodwill Maryland Parkway location." Ms. Brown states that they "fought constantly."[2] Ms. Brown also alleges that it was the lead employee who "called in a robbery in progress when in fact 4-7 people were directed to remove [her] from the store." Ms. Brown alleges that she was "disrobed" from her items and "pitted." She alleges that "a greeter" attempted to "take her out by the knee." The next few sentences are difficult to read, but the Court liberally interprets the writing to mean that Ms. Brown alleges that she was violated by multiple employees. The Court also liberally construes Ms. Brown to allege that store employees acted improperly when they attempted to stop her because "store employees are not to attempt [to do that]." ECF No. 1-1. Taking the

---

[2] The Court notes that it infers the statement that Ms. Brown and the lead employee "fought constantly" based on its best attempt to read Ms. Brown's handwriting.

statements into consideration, as interpreted to the best of this Court's abilities, the Court liberally construes Ms. Brown to claim that her criminal charge was a result of domestic issues with the Goodwill lead employee rather than an actual crime.

### c. Whether Plaintiff's Complaint States a Plausible Claim

The Court finds that Ms. Brown failed to assert a plausible claim against Goodwill. The Court discusses its reasoning below.

#### i. Color of Law

Ms. Brown must prove that Goodwill, acted under the color of law. The elements of a § 1983 action "have been articulated as: (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by the conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Or more simply put, plaintiffs are required to "plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.3d 1104, 1114 (9th Cir. 2015). Generally, private parties are not acting under the color of state law. *See Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991).  However, "private parties may act under color of state law when the state significantly involves itself in the parties' actions and decision making at issue." *Rawson v. Recovery Innovations, Inc.*, 975 F.3d 742, 753 (9th Cir. 2020). Here, Ms. Brown has not alleged any facts to show that Goodwill, or its employees, acted under the color of law. In order to bring a § 1983 claim against a private actor, Ms. Brown must explain how and why the actions of the employees were "under color of law," which means the employees acted with the appearance of government authority. The Court will give Ms. Brown one more chance to show how the defendant acted under the color of law. That said, even if Ms. Brown is able to show how the defendant acted under the color of law, she may not be able to state a claim. Ms. Brown's § 1983 claim seems to attack her criminal conviction, which she cannot do in a § 1983

claim. Ms. Brown also restates claims that have been previously dismissed for virtually the same deficiencies as her present complaint.

### ii. *Heck* Doctrine

The Court liberally construed Ms. Brown to seek injunctive relief in the form of invalidating the criminal conviction. However, Ms. Brown cannot seek such relief under a § 1983 claim. If a § 1983 case seeking damages alleges constitutional violations that would necessarily imply the invalidity of a conviction or sentence, the prisoner must establish that the underlying sentence or conviction has been invalidated on appeal, by habeas petition, or through similar proceeding. *See Heck v Humphrey*, 512 U.S. 477, 483-87 (1994). Under *Heck*, a party who is convicted of a crime is barred from bringing suit under a § 1983 if judgment in favor of that party would necessarily imply the invalidity of conviction or sentence. *See Whitaker v. Garcetti*, 486 F.3d 572, 582 (9th Cir. 2007) (citing *Heck*, 512 U.S. at 487). Claims or challenges to the validity or duration of confinement are matters of habeas corpus relief per 28 U.S.C. § 2254. *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016). Because Ms. Brown is still incarcerated and has not shown that her conviction has been invalidated, she cannot challenge her confinement and conviction under § 1983. A plaintiff cannot make claims for both civil rights violations per 42 U.S.C. §1983 and for habeas corpus relief per 28 U.S.C. § 2254 in the same action. *Nettles*, 830 F.3d at 927 (reiterating that "habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action"); *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (holding that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration"). As such, Ms. Brown's § 1983 action

challenging her confinement is legally barred, unless she can show that her conviction has been invalidated or overturned.

### iii. Eighth Amendment – Cruel and Unusual Punishment

Ms. Brown brings an Eighth Amendment Cruel and Unusual Punishment claim against defendant Goodwill, specifically unnamed an unnamed employee or employees. The Eighth Amendment prohibits imposition of cruel and unusual punishments and "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). "The Eighth Amendment applies equally to convicted prisoners inside or outside the walls of the penal institution." *Hughes v. Rodrguez*, 31 F.4th 1211, 1221 (9th Cir. 2022) (case concerning escaped convict). It is important to note that "Eighth Amendment protections apply only once a prisoner has been convicted of a crime, while pretrial detainees are entitled to potentially more expansive protections of the Due Process Clause of the Fourteenth Amendment." *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1246 n.5 (9th Cir. 2016). Here, Ms. Brown has failed to allege facts that would provide her with relief under an Eighth Amendment claim. She has neither alleged nor established facts that show she was convicted of a crime prior to the alleged events. Because Ms. Brown has neither established that the events occurred within the prison walls nor occurred while she was an escaped convict, her Eighth Amendment Cruel and Unusual Punishment fails.

### iv. Fourteenth Amendment – Cruel and Unusual Punishment

Looking beyond the Eighth Amendment claim, the Court also liberally construes Ms. Brown to bring a Fourteenth Amendment claim due to her allegations that her rights were violated. ECF No. 1-1 at 4. "Eighth Amendment protections apply only once a prisoner has been convicted of a crime, while pretrial detainees are entitled to potentially more expansive protections of the Due Process Clause of the Fourteenth Amendment." *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1246 n.5 (9th Cir. 2016); *see also*

*Byrd v. Maricopa Cnty. Bd. of Supervisors,* 845 F.3d 919, 924 n.2 (9th Cir. 2017) ("The Fourteenth Amendment, not the Eighth Amendment, governs cruel and unusual punishment claims of pretrial detainees.") Here, Ms. Brown also fails in bringing a Fourteenth Amendment claim. She has not established that she was a pretrial detainee, nor has she alleged any such violations while she was a pretrial detainee. Ms. Brown's Fourteenth Amendment claim also fails.

### v. Access to the Courts

Ms. Brown alleges that her access to the courts was at issue. ECF No. 1-1 at 3. Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey,* 518 U.S. 343, 346 (1996). This right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers and providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith,* 430 U.S. 817, 821 (1977). The right, however, "guarantees no particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts. … [It is this capability] rather than the capability of turning pages in a law library, that is the touchstone" of the right of access to the courts. *Lewis*, 518 U.S. at 356–57. To establish a violation of the right of access to the courts, a prisoner must establish that he or she has suffered an actual injury, a jurisdictional requirement that flows from the standing doctrine and may not be waived. *See Lewis*, 518 U.S. at 349; *Madrid v. Gomez*, 190 F.3d 990, 996 (1999). An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348 (citation and internal quotation marks omitted); *see also Hebbe v. Pliler,* 627 F.3d 338, 342-43 (9th Cir. 2010); *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (explaining that "[f]ailure to show that a 'non-frivolous legal claim ha[s] been frustrated' is fatal" to a claim for denial of access to legal materials) (citing *Lewis*, 518 U.S. at 353 & n.4); *Madrid*, 190 F.3d at 996. Delays in providing legal materials or assistance that result in actual injury are "not of

constitutional significance" if "they are the product of prison regulations reasonably related to legitimate penological interests." *Lewis*, 518 U.S. at 362. Where a prisoner asserts a backward-looking denial of access claim – one seeking a remedy for a lost opportunity to present a legal claim – he or she must show the loss of a "nonfrivolous" or "arguable" underlying claim, "the official acts frustrating the litigation," and "a remedy that may be awarded as recompense but [that is] not otherwise available in some suit that may yet be brought." *Christopher v. Harbury*, 536 U.S. 403, 415, 417 (2002) (noting that a backward-looking denial of access complaint "should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued."); *see also Avalos v. Baca*, 596 F.3d 583, 591 n.8 (9th Cir. 2010). Here, Ms. Brown alleges that "[she and her attorney] have been constantly bypassed." ECF No. 1-1 at 4. Ms. Brown alleges that there has been "no court help or direction" from "either side." *Id.* However, Ms. Brown has not alleged sufficient facts to show an actual injury. She has not alleged that she was denied access to the law library nor to a person with experience in law. She has claimed no prejudice as to her existing case nor has she alleged that her previous filings were subject to prejudice. It should be noted that Ms. Brown had brought two previous cases against Goodwill.[3] The § 1983 case against Goodwill was dismissed without prejudice, meaning Ms. Brown was not barred from bringing this pending suit against Goodwill.

### d. Plaintiff's Previous Cases

As noted, Ms. Brown previously filed two cases against Goodwill, one under habeas proceeding and another under § 1983. Both were dismissed without prejudice. Her § 1983 claim was dismissed without prejudice for failing to file an amended complaint, leaving no viable claims. Her previous complaint was

---

[3] Ms. Brown has previously filed one habeas corpus suit (Case No. 2:23-cv-00183-CDS-EJY; Brown v. State of Nevada et al.) and one § 1983 suit (Case No. 2:23-cv-00187-JAD-NJK; Brown v. State of Nevada et al.) against Goodwill

dismissed for similar deficiencies of failing to allege color of law and being barred by the *Heck* doctrine. This will be Ms. Brown's second § 1983 claim against Goodwill.

ACCORDINGLY,

**IT IS ORDERED** that Plaintiff's IFP Application (ECF No. 1) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.

**IT IS FURTHER ORDERED** that if Plaintiff chooses to file an amended complaint curing the deficiencies of his Complaint as outlined in this order, she must file the amended complaint **Friday April 26, 2024.**

**IT IS FURTHER ORDERED** that the Clerk of the Court will send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of her original complaint (ECF No. 1-1). If Plaintiff chooses to file an amended complaint, she must use the approved form and write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

IT IS SO ORDERED.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157

(9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

DATED this 4th day of March 2024.

IT IS SO ORDERED.

_____
Maximiliano D. Couvillier III
United States Magistrate Judge