UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Jessica M. Brown,<br><br>　　　　　Plaintiff(s),<br><br>vs.<br><br>Goodwill Stores,<br><br>　　　　　Defendant(s). | 2:24-cv-00138-GMN-MDC<br><br>Order |

Pending before the Court are plaintiff Jessica Brown's Application to Proceed *In Forma Pauperis* ("IFP") (ECF No. 9), *Motion for Appointment of Counsel* (ECF No. 10), and Amended Complaint (ECF No. 7). The Court denies Ms. Brown's IFP application (ECF No. 9). The Court dismisses her Amended Complaint (ECF No. 7) without prejudice. The Court denies her *Motion for Appointment of Counsel* (ECF No. 10) without prejudice.

**DISCUSSION**

**I.     *In Forma Pauperis***

Ms. Brown filed an IFP application (ECF No. 9). The Court notes that it previously granted her IFP application (ECF No. 1). ECF No. 5. Therefore, the Court denies her IFP application (ECF No. 9) as moot.

The Court warns Ms. Brown that such duplicative filings unnecessarily consume the Court's resources. *See In re McDonald*, 489 U.S. 180, 184, 109 S. Ct. 99.3, 103 L. Ed. 2d 158 (1998). Ms. Brown is further warned that future duplicative or improper filings may be struck from the docket without notification. *See Ready Transp., Inc. v. AAR Mfg*., Inc., 627 F.3d 402, 404 (9th Cir. 2010) (holding that district courts have authority to strike an improper filing under their inherent power to control the docket).

//

//

## II.     Amended Complaint

On March 4, 2024, the Court issued a Screening Order (ECF No. 5) on Ms. Brown's original Complaint (ECF No. 1-1). The Court dismissed her original Complaint (ECF No. 1-1) without prejudice primarily for (1) failing to allege how defendant(s) acted under color of state law and (2) potentially being barred by the *Heck* Doctrine. ECF No. 5 at 4-8. The Court gave Ms. Brown leave to amend her Complaint and ordered her to file an Amended Complaint by April 26, 2024. ECF No. 5 at 9:7-9. Ms. Brown filed an Amended Complaint on March 19, 2024. ECF No. 7. However, the Court finds that Ms. Brown has failed to (1) cure the deficiencies noted in the Court's Screening Order (ECF No. 5) and (2) file an amended complaint that is "complete in itself." LR 15-1. The Court will give Ms. Brown one more opportunity to cure.   Thus, the Court dismisses Ms. Brown's Amended Complaint (ECF No. 7) without prejudice and with leave to file a stand-alone, amended complaint that cures the deficiencies noted in the Court's Screening Order (ECF No. 5).

### a.     Legal Standard

Upon granting a request to proceed in forma pauperis, the Court must screen the complaint pursuant to 28 U.S.C. § 1915(e). The Court will review the complaint to determine whether the complaint is frivolous, malicious, fails to state a claim in which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Federal Rules of Civil Procedure Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirement, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Dismissal for failure to state a claim under § 1915 incorporates the same standard for failure to state a claim under Federal Rule of Civil Procedure Rule 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) A complaint should be dismissed under Rule 12(b)(6) "if it

appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckley v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"A document filed *pro se* is "to be liberally construed" and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal citations omitted). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, **unless** it is clear from the face of the complaint that deficiencies could not be cured through amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (emphasis added).

"[W]hen a plaintiff files an amended complaint, '[t]he amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967)). An amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1(a). In other words, the amended complaint is an entirely new document that completely sets forth the facts and claims for relief.

### b. Analysis

On March 4, 2024, the Court issued a Screening Order (ECF No. 5) dismissing Ms. Brown's Complaint (ECF No. 1-1) for failing to state a claim upon which relief can be granted. The Court's order outlined the deficiencies in Ms. Brown's Complaint and statement of her claims. Ms. Brown submitted an amended complaint (ECF No. 7) in response to the Court's Screening Order (ECF No. 5). Ms. Brown's amended complaint (ECF No. 7), however, does not cure the previously outlined deficiencies and fails to state a claim upon which relief can be granted. In sum, Ms. Brown still fails to show how Goodwill and its employee(s) acted under color of state law. ECF No. 7. Ms. Brown also fails to show that her claim is not barred by the *Heck* Doctrine. *Id.*

//

### i. Color of State Law

Ms. Brown does not allege any new facts that show that the Goodwill employee(s) was acting under the color of state law. ECF No. 7 at 4. As explained to Ms. Brown in the Screening Order (ECF No. 5), to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). The Court further stated what it means for a person to "act under the color of state law." *See* ECF No. 5. Ms. Brown's amended complaint, however, does not allege any new facts that show that any of the defendants acted under color of state law, or an act of "governmental compulsion or coercion." *See Rawson v. Recovery Innovations*, 975 F.3d 742, 748 (9th Cir. 2020). In other words, Ms. Brown does not show that the state acted through Goodwill and/or its employees to violate her Constitutional rights. Therefore, the Court finds that Ms. Brown has failed to cure this deficiency. The Court acknowledges the difficulties a pro se plaintiff may face and provides her with one last chance to amend her complaint.

### ii. *Heck* Doctrine

Although Ms. Brown does allege more specific facts, and names previously unnamed defendants, she does not allege any new facts that show that her case is not barred by the *Heck* Doctrine. *See Heck v Humphrey*, 512 U.S. 477, 483-87 (1994) (holding that if a § 1983 case seeking damages alleges constitutional violations that would necessarily imply the invalidity of a conviction or sentence, the prisoner must establish that the underlying sentence or conviction has been invalidated on appeal, by habeas petition, or through similar proceeding). Ms. Brown has not shown that her arrest stemming from the Goodwill incident has been invalidated upon appeal. Thus, the Court finds that Ms. Brown has failed to cure this deficiency. However, the Court acknowledges the difficulties a pro se plaintiff may face and provides her with one last chance to amend her complaint.

//

### iii. Miscellaneous

Ms. Brown alleges facts that seem reminiscent of state law claims. Courts in this circuit have explained that where state law claims arise from the same nucleus of operative fact as federal claims, a district court may properly invoke its supplemental jurisdiction over the state law claims. *See Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir.2004). To the extent Ms. Brown may be trying to allege state law claims against the defendants, the Court declines to address those at this time. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.") Therefore, until Ms. Brown successfully alleges a valid § 1983 claim, the Court will not address any potential state law claims.

### iv. Amending

In sum, to allege color of law, Ms. Bronw must allege facts that show whether and how the Goodwill employee(s) was acting under the state's orders in a way that led to her arrest and/or violation of her constitutional rights. She has failed to do so. To show that her claim is not barred by *Heck*, Ms. Brown must show that her conviction was invalidated through appeal, either through habeas proceedings or otherwise. Ms. Brown has failed to do so. The Court will give Ms. Brown a final chance to file an amended complaint. Ms. Brown is cautioned that an amended complaint must be complete in itself and cannot make reference to previous pleadings. See LR 15-1(a). An amended complaint supersedes the original complaint, meaning that once Ms. Brown files an amended complaint, the Court does not look back at her previous complaint. *See Rhodes v. Robinson*, 621 F.3d at 1005. Ms. Brown is also reminded that her amended complaint must comply with Rule 8 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8(a)(1)-(3).

//

//

### III. Motion For Appointment Of Counsel

Ms. Brown filed a *Motion for Appointment of Counsel* (ECF No. 10). She requests counsel because she is being misunderstood. ECF No. 10 at 1. Ms. Brown also seems to request for an extension of time "until proper correspondence is made." *Id.* The Court denies Ms. Brown's *Motion for Appointment of Counsel* (ECF No. 10) without prejudice.

#### a. Legal Standard

While a pro se inmate would likely benefit from the appointment of counsel, that is not the standard the courts must employ in determining whether counsel should be appointed. *See Wood v. Houseright,* 900 F.2d 1332, 1135-1336 (9th Cir. 1990). A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). While federal courts are empowered to request an attorney to represent an indigent civil litigant under 28 U.S.C. § 1915(e)(1), the court can only grant such requests under extraordinary circumstances. *United States v. 30.64 Acres of Land,* 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986). A finding of such exceptional circumstances requires that the court evaluate both the likelihood of Plaintiff's success on the merits and the *pro se* litigant's ability to articulate his claims in light of the complexity of the legal issues involved. A court may find that "exceptional circumstances" exist if a claim is either factually or legally complex. *See, e.g., McElyea v. Babbitt*, 833 F.2d 196, 200 n.3 (9th Cir. 1987) (per curiam) (suggesting that a plaintiff's claim concerning the provision of religious books in prison raises "complicated constitutional issues"). Neither factor is controlling; both must be viewed together in making the finding. *Terrell v. Brewer*, 935 F.2d 1015. 1017 (9th Cir. 1991), citing *Wilborn*, *supra*, 789 F.2d at 1331.

#### b. Analysis

Ms. Brown has not demonstrated a likelihood of success on the merits. The Ninth Circuit has indicated that the articulation of a cognizable claim for relief may itself be sufficient to satisfy the "merit" analysis on a motion for appointment of counsel. *Turner v. Riaz*, 2018 U.S. Dist. LEXIS

194391, at *11 (E.D. Cal. Nov. 13, 2018) (citing *Tilei v. McGuiness*, 642 Fed. Appx. 719, 722 (9th Cir. 2016) (finding that plaintiff's "complaint states a claim for relief, and therefore suggests that he may succeed on the merits"). Ms. Brown's claims have not yet survived a screening order; thus, this factor weighs against the appointment of counsel. Since she has not yet demonstrated a likelihood of success on the merits, the Court denies her *Motion for Appointment of Counsel* (ECF No. 10) without prejudice.

        **c.   Extension of Time**

Within her *Motion for Appointment of Counsel* (ECF No. 10), Ms. Brown requests for an extension of time "until proper correspondence is made." ECF No. 10 at 1. Although Ms. Brown requests an extension of time, she does not specify what item she is requesting an extension on. Any such deadlines that may be at issue are not applicable to the motion, either because it was not raised or because she has already filed the document. For example, the only deadline that may have been at issue was the deadline to file the amended complaint. However, Ms. Brown had already filed an Amended Complaint (ECF No. 7) prior to requesting an extension. Therefore, the Court denies her request for extension.

Ms. Brown is reminded that she must comply with both the Federal Rules of Civil Procedure and the Local Rules. Local Rule IC 2-2 provides in relevant part: "For each type of relief requested or purpose of the document, a separate document must be filed, and a separate event must be selected for that document." This means that in the future, Ms. Brown should file a *Motion for Appointment of Counsel* separate from a *Motion for Extension of Time*.

ACCORDINGLY,

**IT IS ORDERED that:**

1. Plaintiff's IFP application (ECF No. 9) is DENIED AS MOOT.

2. The First Amended Complaint (ECF No. 7) is DISMISSED WITHOUT PREJUDICE and with leave to refile.

3. If Plaintiff chooses to file a curing the deficiencies of the First Amended Complaint as outlined in this order, she must file the amended complaint by **Wednesday, June 5, 2024**.

4. The Clerk of the Court will send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of her Amended Complaint (ECF No. 7).

5. If Plaintiff chooses to file an amended complaint, she must use the approved form and write the words "Second Amended" above the words "Civil Rights Complaint" in the caption.

6. If Plaintiff files a Second Amended Complaint, the Clerk of Court is directed NOT to issue summons on the amended complaint. The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable.

7. The *Motion for Appointment of Counsel* (ECF No. 10) is DENIED WITHOUT PREJUDICE.

//

//

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file a written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney,

or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

DATED this 6th day of May 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge